IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                       Case No. 15-CR-30005-DRH

PIERRE J. CARTER,

    Defendant.

ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Presently before the Court is defendant Pierre J. Carter's motion to sever trial of defendant from other defendants in the indictment, specifically Edric A. Russell (Doc. 199). The government has responded in opposition (Doc. 203). Because the Court finds that severance is not warranted, the motion is **DENIED**.

### II. BACKGROUND

The original indictment in this case was returned on January 22, 2015. The indictment charged defendants Edric A. Russell, Lakesha R. Wilson, Melissa L. Wiley, Tanesa L. Beverly, and Pierre J. Carter with conspiring to defraud the United States by submitting false claims for tax refunds, in violation of Title 18, United States Code, Section 286. The indictment also included twenty one additional counts of aiding and abetting the preparation of false federal income

tax returns, in violation of Title 26, United States Code, Section 7206(2). Each of the § 7206(2) counts charged one of the defendants with preparing a specific false return.

The charges in the indictment stem from a tax return preparation business known as Tax King, LLC ("Tax King"). In addition to having several locations in St. Louis, Missouri, Tax King had a facility located at 212 Collinsville Avenue in East St. Louis, Illinois. The indictment alleged that each of the defendants worked at the East St. Louis Tax King. According to the indictment, defendants Russell and Wilson worked at the East St. Louis Tax King in 2012 and prepared 2011 returns, while defendants Wiley, Beverly, and Carter worked at the East St. Louis Tax King in 2013 and prepared 2012 returns.

The indictment further alleges that each of the defendants attended training sessions at Tax King's main office on Olive Street in St. Louis. At these training sessions, the defendants were instructed on how to increase the customers' tax refunds by falsifying various information on the returns.

The owner of Tax King profited through the tax preparation fees that were charged to the customers, which ranged from $400 to $650. The indictment alleges that the return preparers, including defendants Russell and Carter, also profited by requesting cash "tips" from their customers which ranged from $100 to $1,000.

On July 22, 2015, a superseding indictment was returned in the case. The superseding indictment added the owner of Tax King, Eyob Tilahun, and one of the return preparers/trainers, Mason B. Richmond, as defendants.

Defendants Beverley, Richmond, Wilson, and Tilahun have entered guilty pleas. The joint trial of the two remaining defendants, Russell and Carter, is scheduled to begin on August 22, 2016.

### III.   DISCUSSION

#### A. Parties Arguments

Carter argues severance is warranted because Carter and Russell prepared tax returns during different tax seasons and for different customers. Specifically, Carter worked at Tax King in 2013 and Russell worked at Tax King in 2012. Carter argues there is no evidence of a shared plan between Carter and Russell. Additionally, Carter states trial would involve witnesses who would testify concerning their knowledge of the actions of defendants; however, it is unclear how one defendant tax preparer's methods or role concerning a given return would be applicable to the other, or how one defendant would not be prejudiced by such testimony completely immaterial to his case. Finally, Carter contends trying the defendants jointly would be cumbersome and confusing for the jury.

The government argues joinder is clearly appropriate under Federal Rule of Criminal Procedure 8(b) and that joinder is not prejudicial. Additionally, the government objects to the implication that Carter and Russell could not have been participants in the same conspiracy simply because they did not work together.

### B. Participants in the Same Conspiracy

As a preliminary matter, the Court notes the fact that Russell and Carter did not work together does not establish that they could not have been participants in the same conspiracy. Indeed, the Seventh Circuit has held: "[T]o be a member of a conspiracy, the defendant need not know all the other members of the conspiracy or the means by which the purpose was to be accomplished; he need only be aware of the common purpose and a willing participant." *Spagnola*, 632 F.3d at 987 (*citing United States v. Katalinich*, 113 F.3d 1475, 1483 (7th Cir. 1997)). As argued by the government, if it is not necessary to prove that co-conspirators knew each other, it is certainly not necessary to prove that the co-conspirators worked together or directly assisted each other.

Additionally, the instant case involves a "hub and spoke" conspiracy. *See* Haynes, 582 F.3d at 699 (*citing United States v. Bustamante*, 493 F.3d 879, 885 (7th Cir. 2007)). As explained by the government, in the instant case:

> [T]he hub of the conspiracy is the owner of Tax King, Eyob Tilahun, and the managers of the business. The rim of the conspiracy, or single design/purpose, was to make money for both Tax King and the individual return preparers through the creation of false tax returns. Both Carter and Russell embraced this purpose and worked to further that purpose. Therefore, they are both connected by the rim of the conspiracy.

(Doc. 203 p. 8).

### C. Joinder

The joinder of multiple defendants in an indictment is allowed under Federal Rule of Criminal Procedure 8(b) when the Government has alleged that

the defendants "have participated in the ... same series of acts or transactions constituting an offense or offenses." *United States v. Ras*, 713 F.2d 311, 315 (7th Cir.1983) (*quoting* Fed.R.Crim.P. 8(b) and *citing United States v. Garza*, 664 F.2d 135, 142 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1620, 71 L.Ed.2d 854 (1982)). The Seventh Circuit has interpreted this rule to broadly permit liberal joinder in order to enhance judicial efficiency, limit inconveniences to witnesses, avoid delays in bringing defendants to trial, and allow the "total story" to be presented to a single jury. *United States v. Stillo*, 57 F.3d 553, 556-57 (7th Cir.), *cert. denied*, 516 U.S. 945, 116 S.Ct. 383, 133 L.Ed.2d 306 (1995); *Richardson v. Marsh*, 481 U.S. 200, 209-210, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Joinder under Rule 8(b) is also governed by the face of the indictment. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir.1987).

As in *Ras*, the defendants in this case appear to have been properly joined in a single indictment as "[a]ll counts of the indictment [deal] with acts committed by the defendants in furtherance of a single, ongoing conspiracy. The charge of conspiracy in Count 1 serve[s] to link the substantive counts against the various defendants ... satisf[ying] the relatedness requirement of Rule 8(b) and justif[ying] joinder." *Id*.

As joinder is proper in accordance with Rule 8, Carter is only entitled to a severance pursuant Rule 14 if proven that joinder will be prejudicial. *United*

*States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983). *See also United States v. Souffront,* 338 F.3d 809, 828 (7th Cir. 2003)(*citing Zafiro,* 506 U.S. at 539) ("When defendants have been properly joined under Rule 8(b), 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"). "The burden to demonstrate prejudice is on the defendant, and that burden requires the defendant to show more than the fact that 'a separate trial might offer him a better chance of acquittal." *Ras,* 713 F.2d at 315 (internal quotation omitted).

Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district judge. *Zafiro v. United States*, 506 U.S. 534, 541, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Moreover, the Seventh Circuit "has expressed a strong policy in favor of joint trials where the charge against all the defendants may be proved by the same evidence and results from the same series of acts." *Ras,* 713 F.2d at 315 (internal quotation omitted).

Examples of situations where a joint trial might prejudice a defendant's specific rights, or prevent the jury from making a reliable judgment, include: (1) complex cases where defendants have markedly different degrees of culpability (*Zafiro,* 506 U.S. at 539 (*citing Kotteakos v. United States,* 328 U.S. 750, 774-75, 66 S.Ct. 1239, 1252-53, 90 L.Ed. 1557 (1946)); (2) cases where evidence is admissible against one defendant, but not admissible against another, such as confessions that implicate co-defendants in violation of the Confrontation Clause

(*Zafiro,* 506 U.S. at 539 (*citing Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 90 L.Ed.2d 476 (1968)); and (3) cases where exculpatory evidence would be available to a defendant if tried separately, but unavailable to him if tried jointly with another defendant. (*Zafiro,* 506 U.S. at 539 (*citing Tifford v. Wainwright,* 588 F.2d 954 (5th Cir. 1979)).

In the instant case, Carter has not demonstrated how a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Additionally, as set forth in the government's briefing, none of the scenarios noted above are in issue in this case. In short, based on the record, Carter has not sustained his burden to warrant severance.

### IV.   CONCLUSION

Accordingly, the Court **DENIES** defendant Carter's motion for severance (Doc. 199),

**IT IS SO ORDERED.**

Signed this 13th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.13 15:39:26 -05'00'

**United States District Judge**